1  Danny J. Horen, Esq.
2  NV Bar No. 13153
   Kazerouni Law Group, APC
3  7854 W. Sahara Avenue
4  Las Vegas, NV 89117
   Telephone: (800) 400-6808x7
5  Facsimile: (800) 520-5523
6  danny@kazlg.com

7  *Attorneys for Plaintiff*
8  Maximiliano Couvillier III

9           **UNITED STATES DISTRICT COURT**
10              **DISTRICT OF NEVADA**

| | |
|---|---|
| 11 **MAXIMILIANO COUVILLIER** ) | **Case No.:** |
| 12 **III, on behalf of himself and all** ) | **[CLASS ACTION]** |
| **others similarly situated,** ) | |
| 13 ) | |
| Plaintiff, ) | **COMPLAINT FOR DAMAGES** |
| 14 ) | **PURSUANT TO THE FAIR DEBT** |
| v. ) | **COLLECTION PRACTICES ACT,** |
| 15 ) | **15 U.S.C. § 1692, ET SEQ.; NRS 598** |
| 16 **DILLINGHAM &** ) | **ET SEQ., AND NRS 41.600 ET SEQ.** |
| **ASSOCIATES,** ) | |
| 17 ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |
| 18 ) | |

19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

_____
*CLASS ACTION COMPLAINT*

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. MAXIMILIANO COUVILILLIER III ("Plaintiff"), by Plaintiff's attorneys, brings this class action complaint to challenge the actions of DILLINGHAM & ASSOCIATES ("Defendant") with regard to attempts by Defendant, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1692 *et seq.*; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011). Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

9. This action arises out of Defendant's violations of: (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA"); and, (ii) NRS 598 et seq; and (iii) NRS 41.600 et seq.

10. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and Defendant is subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business

there, and Defendant's conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

## PARTIES

11. Plaintiff is a natural person who resides in the County of Clark, State of Nevada, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a debt collection law firm doing business in Nevada, whose primary address is in San Diego, California.

13. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" and is therefore a "debt collector" as the terms are defined by 15 U.S.C. § 1692a(6).

14. Defendant is a law firm, offering debt collection services in various industries, including but not limited to homeowner association fees, collecting against consumers for consumer debts.

15. Plaintiff is informed and believes, and thereon alleges, that the alleged debt is regarding home owner association fees, which is money, property or their equivalent, due or owing or alleged to be due or owing from a natural person

by reason of a consumer credit transaction.  Because this alleged debt is for association fees, which are primarily for personal, family, or household purposes, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

### FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiff is an individual residing within the State of Nevada.

17. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of Nevada.

18. Plaintiff is informed and believes, and thereon alleges, that by including FDCPA language in its communication to Plaintiff, Defendant holds itself out to be a "debt collector" as the terms are defined by 15 U.S.C. § 1692a(6).

### DEFENDANT'S LETTER TO PLAINTIFF

19. Sometime before February 2014, Plaintiff allegedly incurred homeowner association fees for property located in Bonita, California, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" and a "consumer debt" as the terms are defined by 15 U.S.C. § 1692(a)(6).[1]

20. Plaintiff takes no position as to the validity of the alleged debt.

---

[1] Attached hereto as Exhibit A is a true and correct, redacted copy of Defendant's February 6, 2014 letter to Plaintiff.

21. Subsequently, the alleged debt was assigned, placed or otherwise transferred, to Defendant for collection.

22. On or about February 6, 2014, Defendant or its agent/s began contacting Plaintiff via written letter in attempt to collect Plaintiff's alleged debt. This letter was a "communication" as defined in 15 U.S.C. § 1692(a)(2).

23. Defendant's February 6, 2014 letter was directed and mailed to Plaintiff, a consumer and Nevada resident, at Plaintiff's Nevada mailing address.

24. Defendant's February 6, 2014 letter twice references Plaintiff's ability to dispute the debt without, as required by 15 U.S.C. § 1692g(a)(4) and 15 U.S.C. § 1692g(b), informing Plaintiff that any dispute must be made *in writing* within 30 days of receiving the communication. Defendant's references, in relevant part, were as follows:

> The debt described herein is assumed to be valid unless the debtor disputes the validity of the debt within 30 days.

> If the debtor notifies the debt collector within 30 days following receipt of the foregoing notice that the debt is disputed in full or in part...

25. Defendant further failed to provide Plaintiff with the required notice within 5 days of the initial contact regarding this alleged debt, which constitutes a violation of 15 U.S.C. § 1692g(a).

26. Defendant's communication to Plaintiff also threatened legal action against Plaintiff if payment was not received in 30 days, the time period Plaintiff,

through the FDCPA, could dispute the debt, Defendant could initiate legal action against Plaintiff. Defendant's threat stated:

> If payment in full is not received within thirty (30) days, the Association is entitled to initiate court proceedings against you.

27. Defendant's threat was deceptive and misrepresented Plaintiff's legal rights and obligations as well as threatened legal action that Defendant was not entitled to take, thereby misrepresenting and mischaracterizing the alleged debt to Plaintiff.

28. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using deceptive means to collect Plaintiff's alleged debt.

29. Through this conduct, Defendant violated 15 U.S.C. § 1692e(5) by threatening legal action within 30 days that Defendant was not legally entitled to take due Plaintiff's right to dispute the debt pursuant to 15 U.S.C. § 1692g.

30. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using deceptive means to collect Plaintiff's alleged debt when Defendant misled Plaintiff by not including the requirement that disputes be *in writing* and by threatening legal action Defendant was not legally entitled to.

31. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unconscionable and unfair means in attempt to collect the alleged debt owed by Plaintiff.

32. Through this conduct, Defendant violated NRS 598.0915(15) by knowingly making a false representation regarding Plaintiff's legal rights and obligations regarding the alleged debt, and by threatening legal action Defendant was not entitled to take, in attempt to prompt payment of the alleged debt.

33. Defendant's violations of NRS 598.0923(3) constitute "consumer fraud" under NRS 41.600(2)(e).

34. Through this conduct, Defendant violated NRS 598.0923(3) by violating the NDTPA, a Nevada statute, and the FDCPA, a federal statute in attempt to collect an alleged debt.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

36. Plaintiff represents, and is a member of the Class, consisting of:

> All persons with addresses within Nevada to whom Defendant sent an initial written debt collection communication between the date of the filing of this action and one year preceding, which was not returned undeliverable by the United States Postal Service, and failed to include the required notices under the FDCPA, and failed within 5 days of sending the initial written communication to provide that person with the notice required under 15 U.S.C. § 1692g(a) [similar to Ex. A, attached].

37. Defendant and its employees or agents are excluded from the Class.

Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

38. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, engaged in illegal and deceptive collection practices, when it failed to provide the required notices under 15 U.S.C. § 1692 et seq. Plaintiff and the Class members were damaged thereby.

39. This suit seeks only recovery of actual and statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

40. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

41. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect

individual Class members, including the following:

    a.  Whether, within the one year prior to the filing of this Complaint, Defendant or its agents sent to the Class any written initial debt collection letters that failed to include the required notices under the FDCPA;

    b.  Whether, after failing to include the notices required under the FDCPA, Defendant or its agents failed to provide the required notices to the Class members within 5 days, as required under the FDCPA; and

    c.  Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation.

42. As a person that received at least one initial collection letter from an Defendant that failed to include properly apprise him of his legal obligations and rights pursuant the FDCPA, and then did not within 5 days of the initial communication, receive the notice required under the FDCPA, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

43. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In

addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

44. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Debt Collection Practices Act.

45. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and Nevada law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FDCPA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

46. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
### THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(P) (FDCPA)

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

49. As a result of each and every violation of the FDCPA, Plaintiff is entitled to damages of $1,000 and such amount as the court may allowed for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT NRS 598 ET SEQ. (NDTPA), CONSTITUTING "CONSUMER FRAUD" UNDER NRS 41.600 ET SEQ.

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions constitute numerous and multiple violations of the NDTPA, which incorporates the FDCPA through NRS 598.0923(3).

52. As a result of each and every violation of the NDTPA, which incorporates the FDCPA, and constitutes "consumer fraud" under NRS 41.600(2)(e), the named Plaintiff is entitled to damages of $1,000 and such amount as the court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector, pursuant to

15 U.S.C. § 1692k(a)(2)(B); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

53. Further, as a result of each and every violation of the NDTPA, which incorporates the FDCPA, and constitutes "consumer fraud" under NRS 41.600(2)(3), the named Plaintiff is entitled to any damages sustained, pursuant to NRS 41.600(3)(a); and reasonable attorney's fees and costs pursuant to NRS 41.600(3)(b) from Defendant.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

### FIRST CAUSE OF ACTION
### THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(P) (FDCPA)

• an award of statutory damages of $1,000.00 to Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

• an award of any such amount as the court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B), against Defendant;

• an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant; and

• any other relief the Court may deem just and proper.

CLASS ACTION COMPLAINT                                                           13

## SECOND CAUSE OF ACTION
### VIOLATION OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT NRS 598 ET SEQ. (NDTPA), CONSTITUTING "CONSUMER FRAUD" UNDER NRS 41.600 ET SEQ.

- an award of statutory damages of $1,000.00 to each named Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- an award of any such amount as the court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B), against Defendant;

- an award of any damages Plaintiff sustained, pursuant to NRS 41.600(3)(a), against Defendant.

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and NRS 41.600(3)(b), against Defendant; and

- any other relief the Court may deem just and proper.

### TRIAL BY JURY

54. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 1, 2014                    Respectfully submitted,


                                        BY: /s/ DANNY J. HOREN_____
                                            DANNY J. HOREN, ESQ.
                                            NV BAR NO. 13153
                                            KAZEROUNI LAW GROUP, APC
                                            ATTORNEYS FOR PLAINTIFF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**