Danny J. Horen, Esq.
NV Bar No. 13153
Kazerouni Law Group, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Telephone: (800) 400-6808x7
Facsimile: (800) 520-5523
danny@kazlg.com

*Attorneys for Plaintiff*
Maximiliano Couvillier III

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **MAXIMILIANO COUVILLIER III, on behalf of himself and all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**DILLINGHAM & ASSOCIATES,**<br><br>Defendant. | Case No.: 2:14-cv-00482- GMN-NJK<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION** |

## I. INTRODUCTION

This case arises out of Defendant's attempt to collect a debt against Plaintiff, a Nevada resident, at Plaintiff's place of work in Las Vegas, Nevada. Defendant Dillingham & Associates ("Defendant") is a debt collector. Complaint ¶ 18. On or about February 6, 2014, Defendant sent a debt collection letter to Plaintiff. Complaint ¶ 22. The letter was sent to Plaintiff's work address in Las Vegas, Nevada. Complaint ¶ 23; *see also* Complaint, Ex. A. Plaintiff is a resident of Nevada. Complaint ¶¶ 11, 16. Defendant's Motion to Dismiss (Defendant's "Motion") argues that this Court has no general or specific jurisdiction over the matter. Throughout its Motion, Defendant impermissibly argues that it is not a debt collector, in direct contradiction with the factual allegations in Plaintiff's Complaint. Moreover, when Plaintiff offered, as professional courtesy, to stipulate to a transfer to the Southern District of California, the district Defendant repeatedly deems appropriate in its Motion, Defendant flatly refused. As will be explained in this Opposition, jurisdiction is appropriate because the Defendant meets the minimum contacts test required for this Court to exercise jurisdiction, as Plaintiff is a resident of Nevada, and Defendant's conduct giving rise to this action was purposefully directed to Nevada.

Because this Court exercising jurisdiction is appropriate, Defendant's Motion to Dismiss must be denied.

///

## II. PLAINTIFF OFFERED TO TRANSFER TO THE SOUTHERN DISTRICT OF CALIFORNIA

As an initial matter, it is important to note that Plaintiff reached out to Defendant to resolve this dispute informally. When Defendant flatly refused to stipulate to transfer this case to the Southern District of California, the district its Motion argues is the correct setting for this matter, Plaintiff was forced to oppose the Motion to Dismiss.

Although Plaintiff believes jurisdiction is appropriate in the United States District Court, District of Nevada,[1] Plaintiff reached out to Defendant multiple times in attempt to stipulate to a transfer to the Southern District of California. Plaintiff first contacted Defendant regarding this issue on May 23, 2014, after seeing Defendant filed its Motion. Plaintiff offered to stipulate to a transfer, and Defense Counsel said he would take the offer to his client. *See* Exhibit A.

After hearing nothing from Defense Counsel, Marc Cwik for nearly two weeks, Plaintiff again contacted Mr. Cwik via email on June 4, 2014, informing him that while Plaintiff does not agree with Defendant's position, as a courtesy of avoiding unnecessary motion work Plaintiff would stipulate to a transfer. *See* Exhibit B. The next day, Defense Counsel sent Plaintiff a letter denying the offer to transfer. Defendant's letter, instead of addressing anything regarding transfer of

---

[1] Defendant's last letter to Plaintiff, sent on June 13, 2014 incorrectly argues that Plaintiff's good faith offer to stipulation is an outright admission that jurisdiction does not exist in Nevada. *See* Exhibit F. This is patently false. *See* Exhibit B ("While Plaintiff does not necessarily agree with Defendant's position…").

the case, was instead chock full of merit-based arguments, completely disregarding the fact that Defendant's Motion states this case belongs in the Southern District of California. Defendant ended the letter demanding Plaintiff dismiss the case with prejudice. *See* Exhibit C.

Plaintiff, after reading Defendant's letter, once more tried to informally address this dispute, laying out that a transfer would correct the exact issue set forth in Defendant's Motion, but without the fees and time which has become necessary now. *See* Exhibit D. Finally, on June 11, 2014, Plaintiff made one last attempt to discuss the matter with Defendant and resolve this issue without unnecessary motion practice, pointing out that Defendant's best result, i.e. – winning the current Motion, in this instance would result in Plaintiff filing in the Southern District of California. *See* Exhibit E. Defendant responded hours before Plaintiff's filing of this Opposition, restating its argumentative position based on merits of the case. *See* Exhibit F. Thus, Plaintiff was forced to file this Opposition to Defendant's Motion.

## III.  LEGAL STANDARD FOR MOTION TO DISMISS

As general rule, motion to dismiss for lack of personal jurisdiction should be denied if complaint alleges sufficient facts to support reasonable inference that defendant could be subjected to jurisdiction of court. *Cable News Network, Inc. v. Video Monitoring Services of America, Inc.*, N.D.Ga.1989, 723 F.Supp. 765. On motion to dismiss for lack of personal jurisdiction, all pleadings and affidavits

must be construed in light most favorable to plaintiff, and all doubts must be resolved in plaintiff's favor. *5-Star Management, Inc. v. Rogers*, E.D.N.Y.1996, 940 F.Supp. 512.

Plaintiff may meet its burden by showing the existence of either general or specific jurisdiction. *Oakley, Inc. v. Jofa AB*, C.D.Cal.2003, 287 F.Supp.2d 1111, 69 U.S.P.Q.2d 1249. Where no discovery has taken place, the plaintiffs, on a motion to dismiss for lack of personal jurisdiction, need make only a prima facie showing of jurisdiction by pleading in good faith, legally sufficient allegations of jurisdiction. *Prime Mover Capital Partners L.P. v. Elixir Gaming Technologies, Inc.*, S.D.N.Y.2011, 761 F.Supp.2d 103. Prior to a full evidentiary hearing, plaintiff's prima facie showing of personal jurisdiction over defendant may be established solely by allegations, which are accepted as true. *Hale Propeller, L.L.C. v. Ryan Marine Prod. Pty., Ltd.*, D.Conn.2000, 98 F.Supp.2d 260.

### IV.  DEFENDANT IMPERMISSIBLY CONTRADICTS ALLEGATIONS IN PLAINTIFF'S COMPLAINT

In determining whether personal jurisdiction can be exercised over a nonresident defendant, court must accept allegations of the complaint as true and must afford plaintiff every favorable inference which can be drawn from the pleadings, affidavits and exhibits. *In re Arthur Treacher's Franchisee Litigation*, E.D.Pa.1981, 92 F.R.D. 398. On motion to dismiss for lack of personal jurisdiction, plaintiff is entitled to have its complaint and affidavits interpreted, and doubts resolved, in light most favorable to it. *Bensusan Restaurant Corp. v. King*,

S.D.N.Y.1996, 937 F.Supp. 295, 40 U.S.P.Q.2d 1519, affirmed 126 F.3d 25, 44 U.S.P.Q.2d 1051. Under rules of procedure that have been well settled…a judge ruling on a defendant's motion to dismiss a complaint "must accept as true all of the factual allegations contained in the complaint." *Bell Atlantic Corp. v. Twombly*, (2007) 550 U.S. 544, 572 [127 S.Ct. 1955, 1975, 167 L.Ed.2d 929], citing *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *see also Overstreet v. North Shore Corp.,* 318 U.S. 125, 127, 63 S.Ct. 494, 87 L.Ed. 656 (1943). In deciding motion to dismiss for lack of personal jurisdiction under prima facie standard, court does not decide questions of fact. *American Home Assur. Co. v. Sport Maska, Inc.*, D.Mass.1992, 808 F.Supp. 67.

### A. Defendant acted as a debt collector when attempting to collect Plaintiff's alleged debt

Defendant's Motion argues that Defendant is not a debt collector. However, Plaintiff's Complaint clearly alleges that Defendant indeed is a debt collector. *See* Complaint, ¶¶ 12, 13, 14, 18. In support for its factual allegations, Plaintiff included the collection letter sent from Defendant to Plaintiff, which contained multiple references to 15 U.S.C. § 1692 (the "FDCPA"). This Court need not decide questions of fact on Defendant's Motion to Dismiss.[2] Therefore, this Court should refuse to consider Defendant's argument that Defendant is not a debt collector.

---

[2] *See American Home Assur. Co. v. Sport Maska, Inc.*, D.Mass.1992, 808 F.Supp. 67; *see also In re Arthur Treacher's Franchisee Litigation*, E.D.Pa.1981, 92 F.R.D. 398.

///

## V. JURISDICTION OVER DEFENDANT IS APPROPRIATE

Defendant's Motion argues that this Court has neither general nor specific jurisdiction over Defendant. Personal jurisdiction over nonresident defendants may be predicated on the fact that the cause of action arose out of a defendant's forum related activities, subjecting him to a court's "limited" or "specific" jurisdiction. *Roth v. Garcia Marquez,* 942 F.2d 617, 620 (9th Cir.1991); *Sinatra v. National Enquirer, Inc.,* 854 F.2d 1191, 1194–95 (9th Cir.1988). A district court can assert limited jurisdiction over a nonresident defendant if the following three conditions are satisfied: (1) the nonresident defendant performs some act purposefully availing himself of the privilege of conducting activities in the forum; (2) the claim arises out of the defendant's forum related activities; and (3) the exercise of jurisdiction is reasonable. *Sinatra,* 854 F.2d at 1194 (citing *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 839 (9th Cir.1986)). Each of these tests must be satisfied. *Peterson v. Kennedy,* 771 F.2d 1244, 1261 (9th Cir.1985), *cert. denied,* 475 U.S. 1122, 106 S.Ct. 1642, 90 L.Ed.2d 187 (1986).

At this early stage of the proceedings, Plaintiff need only to make a prima facie showing of personal jurisdiction, and, as no evidentiary hearing on this issue has been held, this Court should treat Plaintiff's allegations as true. *See Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir.1990). Plaintiff may meet its jurisdictional burden by showing the existence of either general *or* specific jurisdiction. *See*

*Oakley, Inc. v. Jofa AB*, C.D.Cal.2003, 287 F.Supp.2d 1111, 69 U.S.P.Q.2d 1249. Even assuming that Defendant's general jurisdiction argument is true, it is clear that this Court has specific jurisdiction over Defendant for the instant matter.

### A. Defendant availed itself to Nevada, as Defendant purposefully directed conduct toward Nevada, and that conduct gave rise to Plaintiff's claim

Defendant curiously cites to *Paradise v. Robinson and Hoover* (D. Nev. 1995) 883 F.Supp. 521, 525, a case fatal to its position, then asks this Court to simply disregard said case in its analysis by arguing its inapplicability based on conclusory impermissible arguments that Defendant is not a debt collector. *See* Defendant's Motion, p. 7:1-28. Defendant cites cases for its contention that this Court is under no obligation to even consider a Nevada federal district court case directly on point with the issues presented here, and in the same breath Defendant goes on to ask this Court to instead rely on non-binding cases from other circuits. *Id*. Moreover, every one of the additional cases cited by Defendant center on attorney-client relationships rather than debt collection activities, which is the conduct surrounding the instant matter.

A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2). Nevada may exercise specific jurisdiction over a nonresident defendant if the defendant "purposefully avails" himself or herself of the protections of Nevada's laws, ***or purposefully directs her conduct towards Nevada, and the plaintiff's***

*claim actually arises from that purposeful conduct*. *Dogra v. Liles*, (2013) 129 Nev. Adv. Op. 100 [314 P.3d 952, 955] (citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (emphasis added).

Here, Plaintiff's Complaint clearly sets forth the exact allegations sufficient to establish specific personal jurisdiction over Defendant. Most importantly, Defendant purposefully directed its conduct toward Nevada when Defendant created and mailed a collection letter to Plaintiff at a Nevada address. *See* Complaint, Exhibit A. Indeed, Defendant's purposeful conduct in sending the debt collection letter to Plaintiff is exactly the cause for Plaintiff's claims that Defendant violated both state and federal law.

### i. A single debt collection letter sent into the forum is sufficient to establish jurisdiction over Defendant

"It is well-settled that a single contact with the forum state, not involving the physical presence of the defendant, can be a sufficient basis upon which to establish jurisdiction over the defendant." *Paradise v. Robinson and Hoover* (D. Nev. 1995) 883 F.Supp. 521, 525, citing *McGee v. International Life Ins. Co.,* 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957). Unlike the multitude of dissimilar cases cited by Defendant, where attorney-client communications were deemed insufficient to establish personal jurisdiction, this is not a case where the communication involved is merely a means of conducting some other primary business within the forum. Here, Defendant's "communications in the forum state

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**  9

... are the precise subject matter of this action pursuant to the FDCPA." *Russey v. Rankin,* 837 F.Supp. 1103, 1105 (D.N.M.1993) (quoting *Bailey v. Clegg, Brush & Assoc., Inc.,* 1991 WL 143461 (N.D.Ga.1991)).

Defendant therefore purposefully availed itself of the privilege of conducting activities in this forum, where Plaintiff's claims arise out of Defendant's forum related activities, and that the exercise of jurisdiction is reasonable. *See Paradise v. Robinson and Hoover* (D. Nev. 1995) 883 F.Supp. 521, 526; *see also Sluys v. Hand,* 831 F.Supp. 321, 324 (S.D.N.Y.1993) (finding personal jurisdiction over nonresident defendant in an FDCPA action where defendant sent demand letter into forum); *Russey,* 837 F.Supp. at 1105 (same).

Because "receipt of a collection notice is a substantial part of the events giving rise to a claim under the Fair Debt Collection Practices Act," *Bates v. C & S Adjusters, Inc.,* 980 F.2d 865, 868 (2d Cir.1992), the district where a communication is received is a proper venue under subdivision (2) of section 1391(b). *Id.* at 866–867. *See also Russey,* 837 F.Supp. at 1105 (venue proper in New Mexico where defendant's letter which formed the basis of the plaintiff's claim was purposefully sent to and received in New Mexico); *Murphy v. Allen County Claims and Adjustments, Inc.,* 550 F.Supp. 128 (S.D.Ohio 1982) (venue proper in both Northern and Southern Districts of Ohio where letters on which claim was based were sent from Northern District and received in Southern District).

Thus, Plaintiff has readily met the criteria for this Court's exercise of personal jurisdiction over Defendant, and Plaintiff's chosen venue is appropriate. *See Paradise v. Robinson and Hoover*, (D. Nev. 1995) 883 F.Supp. 521, 526 ("[T]he Court finds that it may properly exercise personal jurisdiction over the Robinson Defendants because Count Five of Plaintiff's Complaint alleges an FDCPA cause of action based upon the fact that Robinson Defendants' sent a collection letter to Plaintiff as a Nevada resident.").

**B. Exercise of Jurisdiction over Defendant is reasonable**

Defendant could defeat personal jurisdiction if Defendant could make a compelling case that the exercise of personal jurisdiction would be unreasonable. *See Trump v. Eighth Judicial Dist. Court of State of Nev. In and For County of Clark*, (1993) 109 Nev. 687, 703 [857 P.2d 740, 750]. In terms of reasonableness, Defendant again relies on arguing based on factual allegations asserted in Plaintiff's Complaint for tis contention that jurisdiction in Nevada is unreasonable. *See* Defendant's Motion, p. 6:5-18.

Defendant's only argument against reasonableness of jurisdiction is that Plaintiff will be forced to amend its proposed class definition. *Id.* at p. 6:6-8. Plaintiff reiterates that in determining whether personal jurisdiction can be exercised over a nonresident defendant, a court must accept allegations of the complaint as true and must afford plaintiff every favorable inference which can be drawn from the pleadings, affidavits and exhibits. *In re Arthur Treacher's*

*Franchisee Litigation*, E.D.Pa.1981, 92 F.R.D. 398. This Court need not decide questions of fact on Defendant's Motion to Dismiss.[3] Defendant's argument regarding Plaintiff's class definition is one based in fact, and therefore this Court need not take such an argument into consideration.

Additionally, Defendant makes a conclusory statement that Plaintiff's claims will fail because Defendant is "not a debt collector under the FDCPA." *See* Defendant's Motion, FN 7. Such an argument is misplaced and should not be considered by this Court. Not only is Defendant's sole argument that jurisdiction based on factual argument regarding the class definition alleged in the Complaint, but Defendant's argument is simply not enough for this Court to forego the exercise of jurisdiction over Defendant, whose purposeful conduct directed at Nevada, and a Nevada resident, is the exact conduct that gave rise to Plaintiff's claims.

The court in *Trump*, had this to say about an argument against jurisdiction because other actions were pending against the defendant in New Jersey.

> Nevada has an interest in providing an effective means of judicial redress for its residents. Where possible, a Nevada resident should be able to obtain judicial redress in the most convenient, cost-effective manner, which in this case would be within Nevada. The four "reasonableness factors" set forth in *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980), do not militate against the exercise of personal jurisdiction over Trump in the instant case.

---

[3] *See American Home Assur. Co. v. Sport Maska, Inc.*, D.Mass.1992, 808 F.Supp. 67; *see also In re Arthur Treacher's Franchisee Litigation*, E.D.Pa.1981, 92 F.R.D. 398.

*Trump v. Eighth Judicial Dist. Court of State of Nev. In and For County of Clark*, (1993) 109 Nev. 687, 703 [857 P.2d 740, 750].

Like in *Trump*, where the defendant argued New Jersey was a better forum since cases against Trump already existed in New Jersey, Defendant's sole argument that jurisdiction is unreasonable rests on other Plaintiffs' existence in California. Defendant further argues that because the alleged debt arose in California, and Defendant is located in California, jurisdiction is unreasonable. *See* Defendant's Motion, p. 6:14-17. Defendant is asking this Court to refuse to exercise jurisdiction over Defendant, essentially robbing Plaintiff of the protections of the state (convenient, cost-effective redress), which Nevada has a high interest in providing. Just as in *Trump*, Defendant's argument is not enough to overcome the exercise of jurisdiction where Defendant directed its conduct toward Nevada, and that conduct gave rise to the instant action.

## VI. CONCLUSION

Defendant's Motion to Dismiss is based on factual contentions the Court need not address. Plaintiff's Complaint clearly lays out the reasons for exercising jurisdiction over Defendant in this matter. Further, exercising jurisdiction over Defendant would allow Plaintiff a cost-effective, convenient method of redress. Because Defendant's conduct was directed toward Nevada and a Nevada resident, and that conduct gave rise to this action, Plaintiff respectfully requests Defendant's Motion to Dismiss be denied.

|   |   |   |
|---|---|---|
| 1 | Dated: June 13, 2014 | Respectfully submitted, |

By:  s/ Danny J. Horen
Danny J. Horen, Esq.
Kazerouni Law Group, APC
Attorneys for Plaintiff

# PROOF OF SERVICE

Pursuant to NRCP 5(b), I hereby certify that on the 13th day of June, 2014, service of the foregoing ***PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)2*** was served via CM/ECF electronic filing with the court and to Defendant's counsel, addressed as follows:

| Counsel of Record | Phone/Fax | Party |
|---|---|---|
| Marc Cwik, Esq.<br><br>Lewis, Brisbois, Bisgaard & Smith LLP<br>6385 S. Rainbow Blvd.<br>Ste. 600<br>Las Vegas, NV 89118 | P: 702-893-3383<br><br>Marc.cwik@lewisbrisbois.com | Defendant |

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is a true and correct statement and that this Certificate was executed on the aforementioned date above.

> BY: /S/ DANNY HOREN
> DANNY J. HOREN, ESQ.
> NV Bar No. 13153
> KAZEROUNI LAW GROUP, APC

**CERTIFICATE OF SERVICE**