MARC S. CWIK, ESQ.
Nevada Bar No. 06946
STEPHEN H. TURNER, ESQ.
California Bar No. 89627 (*Admitted pro hac vice*)
KIM D. PRICE, ESQ.
Nevada Bar No.: 07873
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
PH:   (702) 893-3383
FAX:  (702) 893-3789
E-mail: marc.cwik@lewisbrisbois.com
E-mail: stephen.turner@lewisbrisbois.com
E-Mail: kim.price@lewisbrisbois.com

*Attorneys for Defendant*
*DILLINGHAM & ASSOCIATES*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAXIMILIANO COUVILLIER III, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DILLINGHAM & ASSOCIATES,<br><br>Defendant. | CASE NO. 2:14-cv-00482-RCJ-NJK<br><br>**DEFENDANT DILLINGHAM & ASSOCIATES' ANSWER** |

Defendant Dillingham & Associates ("Defendant") for itself and no other defendant answers Plaintiff's Complaint for Damages Pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692, Et Seq.; NRS 598 Et Seq., and NRS 41.600 Et Seq. [Doc. No. 1] (the "Complaint") filed on April 1, 2014, as follows:

**INTRODUCTION**

1.   Answering Paragraph 1 of the Complaint, this answering Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations set forth therein and upon said ground, denies the same.

///

4839-1275-8556.1

2. Answering Paragraph 2 of the Complaint, this answering Defendant denies each and every allegation contained therein.

3. Answering Paragraph 3 of the Complaint, this answering Defendant denies each and every allegation contained therein.

4. Answering Paragraph 4 of the Complaint, this answering Defendant denies each and every allegation contained therein.

5. Answering Paragraph 5 of the Complaint, this answering Defendant denies each and every allegation contained therein.

6. Answering Paragraph 6 of the Complaint, this answering Defendant denies each and every allegation contained therein.

7. Answering Paragraph 7 of the Complaint, this answering Defendant denies each and every allegation contained therein.

## JURISDICTION AND VENUE

8. Answering Paragraph 8 of the Complaint, this answering Defendant denies each and every allegation contained therein.

9. Answering Paragraph 9 of the Complaint, this answering Defendant denies each and every allegation contained therein.

10. Answering Paragraph 10 of the Complaint, this answering Defendant denies each and every allegation contained therein.

## PARTIES

11. Answering Paragraph 11 of the Complaint, this answering Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations set forth therein and upon said ground, denies the same.

12. Answering Paragraph 12 of the Complaint, this answering Defendant denies each and every allegation contained therein.

13. Answering Paragraph 13 of the Complaint, this answering Defendant denies each and every allegation contained therein.

///

14. Answering Paragraph 14 of the Complaint, this answering Defendant admits that it is a law firm. As to each and every remaining allegation in Paragraph 14, this answering Defendant denies same.

15. Answering Paragraph 15 of the Complaint, this answering Defendant admits that the Plaintiff has failed to pay home owner association fees. As to each and every remaining allegation in Paragraph 15, this answering Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations set forth therein and upon said ground, denies the same.

## FACTUAL ALLEGATIONS

16. Answering Paragraph 16 of the Complaint, this answering Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations set forth therein and upon said ground, denies the same.

17. Answering Paragraph 17 of the Complaint, this answering Defendant denies each and every allegation contained therein.

18. Answering Paragraph 18 of the Complaint, this answering Defendant denies each and every allegation contained therein.

## DEFENDANT'S LETTER TO PLAINTIFF

19. Answering Paragraph 19 of the Complaint, this answering Defendant admits that "Sometime before February 2014, Plaintiff allegedly incurred homeowner association fees for property located in Bonita, CA." As to the remaining allegations in Paragraph 19, this answering Defendant denies same and further denies that it violated the Fair Debt Collections Practices Act ("FDCPA") or any other statute.

20. Answering Paragraph 20 of the Complaint, this answering Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations set forth therein and upon said ground, denies the same.

21. Answering Paragraph 21 of the Complaint, this answering Defendant denies each and every allegation contained therein.

///

22. Answering Paragraph 22 of the Complaint, this answering Defendant admits that a letter was mailed to Plaintiff dated February 6, 2014. As to the remaining allegations in Paragraph 22, this answering Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations set forth therein and upon said ground, denies the same.

23. Answering Paragraph 23 of the Complaint, this answering Defendant admits that a letter was mailed to Plaintiff dated February 6, 2014. As to the remaining allegations in Paragraph 23, this answering Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations set forth therein and upon said ground, denies the same.

24. Answering Paragraph 24 of the Complaint, this answering defendant states that the letter speaks for itself and that no response is required. To the extent a response may be required to the allegations in Paragraph 24, this answering Defendant denies that it violated the FDCPA or any other statute and is without sufficient knowledge or information necessary to further respond to Plaintiff's allegations therein and upon said ground, denies the same.

25. Answering Paragraph 25 of the Complaint, this answering Defendant denies each and every allegation contained therein.

26. Answering Paragraph 26 of the Complaint, this answering Defendant states that the referenced document speaks for itself and no response is required. To the extent a response may be required to the allegations in Paragraph 26, this answering Defendant denies that it violated the FDCPA or any other statute and is without sufficient knowledge or information necessary to further respond to Plaintiff's allegations therein and upon said ground, denies the same.

27. Answering Paragraph 27 of the Complaint, this answering Defendant denies each and every allegation contained therein.

28. Answering Paragraph 28 of the Complaint, this answering Defendant denies each and every allegation contained therein.

29. Answering Paragraph 29 of the Complaint, this answering Defendant denies each and every allegation contained therein.

30. Answering Paragraph 30 of the Complaint, this answering Defendant denies each and every allegation contained therein.

31. Answering Paragraph 31 of the Complaint, this answering Defendant denies each and every allegation contained therein.

32. Answering Paragraph 32 of the Complaint, this answering Defendant denies each and every allegation contained therein.

33. Answering Paragraph 33 of the Complaint, this answering Defendant denies each and every allegation contained therein.

34. Answering Paragraph 34 of the Complaint, this answering Defendant denies each and every allegation contained therein.

## CLASS ACTION ALLEGATIONS

35. Answering Paragraph 35 of the Complaint, this answering Defendant denies that it violated the FDCPA or any other statute. As to the remaining allegations in Paragraph 35, this answering Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of those allegations and upon said ground, denies the same.

36. Answering Paragraph 36 of the Complaint, this answering Defendant denies that it violated the FDCPA or any other statute. As to the remaining allegations in Paragraph 36, this answering Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of those allegations and upon said ground, denies the same.

37. Answering Paragraph 37 of the Complaint, this answering Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations set forth therein and upon said ground, denies the same.

38. Answering Paragraph 38 of the Complaint, this answering Defendant denies each and every allegation contained therein.

39. Answering Paragraph 39 of the Complaint, this answering Defendant is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations set forth therein and upon said ground, denies the same.

///

40. Answering Paragraph 40 of the Complaint, this answering Defendant denies each and every allegation contained therein.

41. Answering Paragraph 41 of the Complaint, this answering Defendant denies each and every allegation contained therein.

42. Answering Paragraph 42 of the Complaint, this answering Defendant denies each and every allegation contained therein.

43. Answering Paragraph 43 of the Complaint, this answering Defendant denies each and every allegation contained therein.

44. Answering Paragraph 44 of the Complaint, this answering Defendant denies each and every allegation contained therein.

45. Answering Paragraph 45 of the Complaint, this answering Defendant denies each and every allegation contained therein.

46. Answering Paragraph 46 of the Complaint, this answering Defendant denies each and every allegation contained therein.

**FIRST CAUSE OF ACTION**
**THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §§ 1692-1692(P) (FDCPA)**

47. Answering Paragraph 47 of the Complaint, this answering Defendant hereby refers to and incorporates by reference its responses to all preceding paragraphs as though fully set forth herein at length.

48. Answering Paragraph 48 of the Complaint, this answering Defendant denies each and every allegation contained therein.

49. Answering Paragraph 49 of the Complaint, this answering Defendant denies each and every allegation therein, denies that it violated the FDCPA or any other statute, and further denies that Plaintiff is entitled to any damages, statutory or otherwise.

///

///

///

///

## SECOND CAUSE OF ACTION
### VIOLATION OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT NRS 598 ET SEQ. (NDTPA), CONSTITUTING "CONSUMER FRAUD" UNDER NRS 41.600 ET SEQ.

50. Answering Paragraph 50 of the Complaint, this answering Defendant hereby refers to and incorporates by reference its responses to all preceding paragraphs as though fully set forth herein at length.

51. Answering Paragraph 51 of the Complaint, this answering Defendant denies each and every allegation therein and further denies that it violated the NDTPA or any other statute.

52. Answering Paragraph 52 of the Complaint, this answering Defendant denies each and every allegation therein, denies that it violated the NDTPA or any other statute, and further denies that Plaintiff is entitled to any damages, statutory or otherwise.

53. Answering Paragraph 53 of the Complaint, this answering Defendant denies each and every allegation therein, denies that it violated the NDTPA or any other statute, and further denies that Plaintiff is entitled to any damages, statutory or otherwise.

### PRAYER FOR RELIEF

This answering Defendant denies each and every bullet point and paragraph of Plaintiff's Prayer for Relief.

### TRIAL BY JURY

54. Answering Paragraph 54 of the Complaint, this answering Defendant states that the allegations are a matter of form and no response is required.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that the Complaint, and each and every purported cause of action contained therein, fails to state complaints sufficient to constitute a cause of action.

///

///

///



### SECOND AFFIRMATIVE DEFENSE

As a separate, affirmative defense, this answering Defendant alleges that the alleged actions of this answering Defendant were proper and did not violate any provisions of 15 U.S.C. 1692, *et seq.* or the Nevada Revised Statutes.

### THIRD AFFIRMATIVE DEFENSE

As a separate, affirmative defense, this answering Defendant alleges that at all times mentioned in the Complaint, this answering Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose. Further, this answering Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of this answering Defendant were justified under the circumstances based on information reasonably available to this answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, this answering Defendant alleges that the alleged actions of this answering Defendant were not accompanied by actual malice, intent, or ill will.

### FIFTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, this answering Defendant alleges that this answering Defendant' conduct, communications and actions, if any, were privileged.

### SIXTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, assuming *arguendo* that this answering Defendant violated a statute alleged in the Complaint, which presupposition this answering Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, this answering Defendant alleges that Plaintiff is barred from any recovery against this answering Defendant by the doctrine of laches and/or the statute of limitations.

/ / /

/ / /

4839-1275-8556.1

8

### EIGHTH AFFIRMATIVE DEFENSE

As a separate affirmative defense, this answering Defendant alleges that it, at all times alleged in the Complaint, maintained reasonable procedures created to prevent any type of intentional violations of the FDCPA or the NDTPA.

### NINTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, this answering Defendant alleges that if Plaintiff or any purported class of persons was damaged in any sum or sums alleged, which this answering Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. § 1692(k)(a)(1), § 1692(k)(a)(2)(A), § 1692(k)(a)(3) and 15 U.S.C. § 1692(k)(b)(1).

### TENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, this answering Defendant alleges that this answering Defendant' conduct, communications and actions, if any, were privileged pursuant to 15 U.S.C. § 1692(k)(c).

### ELEVENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, this answering Defendant alleges that the alleged actions of this answering Defendant were proper and did not violate any provisions of the FDCPA, NDTPA, or any other applicable state statute or laws.

### TWELFTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, this answering Defendant alleges that its actions were privileged pursuant to Federal and State common law.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, this answering Defendant alleges that if Plaintiff or any purported class of persons was damaged in any sum or sums alleged, which this answering Defendant denies, Plaintiff failed to mitigate damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, this answering Defendant alleges that if Plaintiff or any purported class of persons was damaged in any sum or sums alleged, which this answering Defendant denies, this answering Defendant's alleged acts or omissions were not a proximate

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

cause of said damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, this answering Defendant alleges that it, at all times alleged in the Complaint, maintained reasonable procedures created to prevent any type of intentional violations of the FDCPA or NDTPA.

## SIXTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Plaintiff's and any purported class of person's alleged losses, if any, are speculative and/or uncertain, and therefore, not compensable.

## SEVENTEETH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Plaintiff's Complaint fails as a matter of law because one or more of the typicality, numerosity, commonality, and adequate representation elements of Plaintiff's purported class are lacking.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint against this answering Defendant is barred under the doctrine of unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, this answering Defendant hereby incorporate by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, this answering Defendant reserve the right to seek leave of court to amend its Answer to specifically assert any such defense(s).  Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defense.

## TWENTIETH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, pursuant to Rule 11 of the Federal Rules of Civil Procedure, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this answering Defendant's Answer, and, therefore, this answering Defendant reserve the right to amend its Answer to allege additional affirmative defenses if subsequent investigation and/or discovery so warrants.

## PRAYER

Wherefore, this answering Defendant prays as follows:

1. That Plaintiff and any purported class of persons take nothing by way of the Complaint on file herein;

2. That this Court enter judgment in favor of this answering Defendant as to each and every cause of action;

3. That to the extent allowed by law, this Court award this answering Defendant its attorney's fees and costs; and

4. Such further and other relief as the Court deems just and appropriate in the premises.

DATED this 6th day of August, 2014.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By /s/ Marc S. Cwik
MARC S. CWIK, ESQ.
Nevada Bar No. 06946
STEPHEN H. TURNER, ESQ.
California Bar No. 89627 (*Admitted pro hac vice*)
KIM D. PRICE, ESQ.
Nevada Bar No.: 07873
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant*
*DILLINGHAM & ASSOCIATES*

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that I am an employee of LEWIS BRISBOIS BISGAARD & SMITH LLP and that on this 6th day of August, 2014, I did cause a true and correct copy of the foregoing **DEFENDANT DILLINGHAM & ASSOCIATES' ANSWER** to be served via the **CM/ECF** filing system to all parties on the service list.

| Attorney | Party | Phone/Fax |
|---|---|---|
| Danny J. Horen, Esq.<br>Kazerouni Law Group, APC<br>7854 West Sahara Avenue<br>Las Vegas, NV 89117 | Attorneys for Plaintiff | (800) 400-6808 Ext. 7<br><br>(800) 520-5523 Fax |

By _____
An Employee of
LEWIS BRISBOIS BISGAARD & SMITH LLP

4839-1275-8556.1

12